**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

OMA PETROLEUM, LLC and OMA REAL ESTATE INVESTORS, LLC,

Plaintiffs,

v. Case No. 2:26-cv-1357-SPC-KRH

ASPEN SPECIALTY INSURANCE COMPANY,

Defendant.
_____________________________/

**ORDER**

Before the Court is Defendant's Motion to Compel In Person Deposition of Plaintiffs' Corporate Representative (Doc. 19) and Plaintiffs' Amended Motion for Protective Order and to Conduct the Deposition of Plaintiffs' Corporate Representative by Remote Means (Doc. 21). The Court grants Defendant's Motion in part and denies Plaintiffs' Amended Motion.

Depositions occur regularly in federal court without judicial involvement. Fed. R. Civ. P. 30(a). These days, many federal depositions are by remote means without the Court ever knowing. At issue is here is whether to conduct a corporate representative deposition by Zoom (or comparable platform).

"The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4); *see also* (Doc. 5 at 9-10). Because the parties don't agree, the parties ask the Court to decide.

As usual, Judge Hoffman Price recently laid out the law on this issue in helpful terms:

> "The party seeking to take a remote deposition must provide a 'legitimate reason' for doing so." "Once a legitimate reason is given, the opposing party must show how a remote deposition would prejudice them." The Court has broad discretion to determine whether the movant's specific reasons for conducting the deposition remotely outweigh the opponent's claim of prejudice. And as a sister court noted, "leave to permit remote depositions should generally be granted liberally."

*S. Coast K9, LLC v. Heiser*, No. 6:25-cv-298-JA-LHP, 2026 WL 538411, at *1 (M.D. Fla. Feb. 26, 2026) (alterations accepted and internal citations omitted).

Just after, Judge Norway added his useful two cents that he "typically defers to the noticing party as to whether a deposition should occur in-person or remotely." *Templeton v. Osceola Cnty.*, No. 6:24-cv-2237-JSS-RMN, 2026 WL 1071592, at *1 (M.D. Fla. Mar. 26, 2026). Yet even today, like my predecessor said, "in-person depositions are the default" under Rule 30. *Hardy v. Ace Ins. Co. of the Midwest*, No. 2:23-cv-221-SPC-KCD, 2024 WL 3952319, at *1 (M.D. Fla. Aug. 27, 2024) (Dudek, J.).

Defendant wants to take the corporate rep depo in Fort Myers (i.e., where the action is pending). It says that an in-person examination is preferable because an earlier examination under oath ("EUO") with this witness was difficult. Specially, at the EUO, (1) the representative testified in a car, (2) presentation of documents was challenging in this record-heavy case, and (3) counsel had trouble understanding the representative due to a heavy accent. So Defendant wants to

conduct a live deposition.

Plaintiffs respond that the EUO issues are readily fixable with proper safeguards. They emphasize the typical features of common technologies that make most video depositions somewhat seamless (e.g., screen sharing, exhibit marking, and a court reporter). Plaintiffs also promise that the rep won't be in a car this time. Last, they contend (in a conclusory way) that the representative would be unnecessarily burdened by a live deposition given his business obligations. So cost and convenience, Plaintiffs say, should carry the day.

Having reviewed the record and the law, I find this to be a prime example of a situation in which it is best for a judge to defer to the noticing lawyer. Neither side has a strong argument for or against a remote deposition. And it is unclear where the representative is physically located. So the answer really boils down to the discretionary equities involved.

Any civil litigator knows that people have preferences about how they conduct discovery. Some like to do things the old-fashioned way; others are all virtual. And as lawyers proceed through the process, they adjust to discovery developments in real time. For instance, Defendant's counsel didn't like how the EUO went, so he wants to do this deposition in person. Nothing about that choice is unreasonable. Nor is his preference to conduct a live deposition here.

The Court, therefore, grants Defendant's Motion in part and denies Plaintiffs' Amended Motion.

That said, the parties failed to indicate the representative's location. And it

seems that Defendant's lawyer will need to travel from New Orleans regardless. So it is unclear where the in-person deposition should take place. The location should often be wherever is most sensible for the deponent and participating lawyers. But the Court will allow the parties an opportunity to resolve that logistical question before getting involved. If they cannot determine an agreeable time and place for this deposition, the Court will answer that next week.

One last thing. Both parties seek to extend the fact discovery deadline for an unspecified period. Defendant wants that extension for this deposition; Plaintiffs agree so long as the application is mutual. This is a hurricane case with an already expedited schedule. So the Court won't split hairs here. It simply extends fact discovery (even if that includes matters apart from this deposition) for thirty days.

**ORDERED:**

1. Defendant's Motion to Compel In Person Deposition of Plaintiffs' Corporate Representative (Doc. 19) is **GRANTED in part**.

   a. The deposition of Plaintiffs' corporate representative, Samir Syed, must occur in person.

   b. This deposition must occur at a mutually agreeable time and place. This should occur wherever it is most convenient and cost-effective—even if that is not in Fort Myers.

   c. If the parties cannot mutually agree to the time and place of the in-person deposition, then the Court will address that at the hearing on November 9.

2. Plaintiffs' Amended Motion for Protective Order and to Conduct the Deposition of Plaintiffs' Corporate Representative by Remote Means (Doc. 21) is **DENIED**.

4. Fact discovery—including (but not limited to) this deposition—is **EXTENDED** to December 4, 2026.

In Fort Myers, Florida, on November 4, 2026.

Kevin R. Huguelet
United States Magistrate Judge